UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN DOBBS,<br><br>Plaintiff,<br><br>v.<br><br>JACOB, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-01409-FJS (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDERS, AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 15, 18, 20)<br><br><u>FOURTEEN (14) DAY DEADLINE</u> |

I. <u>BACKGROUND</u>

Plaintiff Dylan Dobbs ("Plaintiff") is a former pretrial detainee and current state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On March 5, 2026, the court screened the first amended complaint and directed Plaintiff to file a second amended complaint or a notice of voluntary dismissal within thirty days. (ECF No. 15.) Following two extensions of time, Plaintiff's second amended complaint or notice of voluntary dismissal was due on or before July 13, 2026. (ECF Nos. 18, 20.) Plaintiff has not filed a second amended complaint or otherwise communicate with the court.

II. FAILURE TO STATE A CLAIM

A. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible. This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

B. Plaintiff's Allegations

Plaintiff is currently housed at the California Correctional Institution in Tehachapi, California. The events in the first amended complaint are alleged to have occurred while Plaintiff was a pretrial detainee housed at the Madera County Jail in Madera, California. Plaintiff names as defendants: (1) Jacob, Nurse and (2) Mrs. Williams, Correctional Officer.

Plaintiff alleges a violation of his rights to adequate medical care under the Fourteenth Amendment, due process, and reasonable protection.

Plaintiff alleges that Defendant Nurse Jacob violated Plaintiff's Fourteenth Amendment right to adequate medical care and obstructed Plaintiff's due process. Defendant Jacob was not in a supervisory position but had authorization to implement a COVID-19 nose swab test and abide by the procedure and protocol set in place by Madera County Jail Warden on January 26, 2022, the time of the incident. Defendant Jacob knew the severity of COVID-19 yet failed to reasonably administer a simple COVID-19 nose swab test. Defendant Jacob suggested that Plaintiff not flush his feces or vomit the next time it occurred so he could determine if Plaintiff had been infected with the COVID-19 virus. Plaintiff further alleges that, "[a]s a result of being alternative, with unreasonable misconduct by not implementing a COVID-19 nose swab test, [his] situation was treated as frivolous which produced a gloomy tragedy." (ECF No. 14 at 5.) Plaintiff was medically evacuated to Madera Community Hospital where he spent ten plus days in the ICU in critical condition.

Defendant Correctional Officer Mrs. Williams violated Plaintiff's due process and right to adequate medical care and reasonable protection under the Fourteenth Amendment. Defendant Williams' deliberate decision to disregard the inmates' commotion with their attempt to facilitate the distress Plaintiff was experiencing is beyond negligence. The inmates proceeded with kicking doors, banging on module windows, and continuously yelling for help for approximately 45 minutes, according to the inmates that witnessed the tragedy. Defendant Williams disregarding the 45 minutes of door kicking and window banging of the inmates caused Plaintiff to suffer from substantial risk of serious harm. Plaintiff further alleges that this "shows clear misconduct on [Defendant] Williams['] behalf and unreasonable intentional deprivation where delay in treatment could amount or cause substantial harm[,] is objectively unreasonable and beyond subpar." (*Id.* at 6.) This entire incident demonstrated inadequate duties and need to be better prepared and trained to conduct reasonable care necessary to prevent situations from becoming more severe.

Plaintiff seeks monetary damages.

C. <u>Discussion</u>

Plaintiff's first amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

1. *Federal Rule of Civil Procedure 8*

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's first amended complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. Although Plaintiff has provided identifying information for Defendant Williams, Plaintiff has failed to provide any further information about the "tragedy" that she allegedly ignored while other inmates attempted to get her attention, such as what distress Plaintiff was experiencing at the time, or whether this incident occurred before or after the incident with Defendant Jacob. The first amended complaint contains even fewer factual allegations about this incident than the original complaint. It is not sufficient for Plaintiff to allege, in conclusory fashion, that a defendant violated his rights. Plaintiff must include factual allegations identifying what happened, when it happened, and who was involved.

2. *Failure to Train*

To the extent Plaintiff alleges that his rights were violated due to inadequate training, Plaintiff also fails to state a claim.

"A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates[.]" *Starr*, 652 F.3d at 1208. But a failure to train theory can be the basis for a supervisor's liability in only limited circumstances, such as where the failure amounts to deliberate indifference to the rights of persons with whom the subordinates are likely to come into contact. *See Canell v. Lightner*, 143 F.3d 1210, 1213–14 (9th Cir. 1998). To impose liability under a failure to train theory, a plaintiff must demonstrate the subordinate's training was inadequate, the inadequate training was a

deliberate choice on the part of the supervisor, and the inadequate training caused a constitutional violation. *Id.* at 1214; *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 391 (1989); *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citation omitted).

Plaintiff has not alleged what procedures and protocols were put in place, or how any defendant's training regarding those policies was inadequate such that they caused a constitutional violation. Furthermore, the first amended complaint does not name any defendant in a supervisory role who would have been responsible for implementing any procedures or providing such training.

3. *Fourteenth Amendment – Medical Care*

Plaintiff alleges that he was a pretrial detainee during the relevant time. As such, his claims concerning his medical care arise under the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied on in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"); *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) ("We have said that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." (internal quotation marks omitted)). Courts analyze inadequate medical care claims like other conditions-of-confinement claims, including failure to protect. *Gordon v. County of Orange*, 888 F.3d at 1123–24.

The Court of Appeals for the Ninth Circuit identifies the elements of a pretrial detainee's Fourteenth Amendment claim as follows:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). In addition, "[w]ith respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the 'facts and circumstances of each particular case.'" *Id*., citing *Kingsley*, 576 U.S. at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989).

Pretrial detainees do not have to prove that prison officials who allegedly administered subpar medical treatment were subjectively aware of the medical risk; instead, plaintiffs need only show that the misconduct was objectively unreasonable. *Kingsley*, 576 U.S. at 396–97. But a plaintiff must prove more than mere negligence, or the lack of due care, to prove an intentional deprivation under this standard. *Daniels v. Williams*, 474 U.S. at 330–31. In addition, where delay in treatment is alleged, "the delay must have caused substantial harm." *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (citing *Shapley v. Nevada Bd. of State Prison Comm'rs*., 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff fails to state a cognizable claim against Defendant Jacob related to the failure to administer a COVID-19 nose swab test. The first amended complaint does not allege that Plaintiff was experiencing any symptoms that would have made it objective unreasonable for Defendant Jacob to refuse to administer a COVID test. Moreover, Plaintiff alleges that Defendant Jacob suggested an alternative method (not flushing his feces or vomit) to determine whether Plaintiff had been infected with the COVID-19 virus. Plaintiff also does not allege how a COVID-19 nose swab test would have prevented his later medical evacuation or hospitalization.

Plaintiff appears to be attempting to raise a claim against Defendant Williams for a delay in Plaintiff's medical treatment. As currently alleged, however, it is not clear that this incident is related to Plaintiff's claim against Defendant Jacob. As discussed above, Plaintiff must provide

more factual information about what happened and what Defendant Williams did or did not do that violated Plaintiff's rights.

Although Plaintiff also states that his rights to due process and reasonable protection were violated, Plaintiff provides no further factual allegations to support these conclusions. These assertions all appear related to Plaintiff's claims regarding his medical treatment.

4. *Regulations and Policies*

To the extent Plaintiff alleges that any Defendant did not comply with applicable state statutes or jail regulations, these deprivations do not support a claim under 42 U.S.C. § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See, e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), *report and recommendation adopted*, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

III. FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER

A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their

dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

B. <u>Discussion</u>

Here, Plaintiff's second amended complaint is overdue and he has failed to comply with the court's orders or provide good cause for further extensions of time. The court cannot effectively manage its docket if Plaintiff ceases litigating or needlessly delays his case. Thus, the court finds that both the first and second factors weigh in favor of dismissal.

The third factor—risk of prejudice to defendant—also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). But "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

*Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The court's orders granting Plaintiff's prior requests for extension of time expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF Nos. 18, 20.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the court that would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case through his needless delays.

IV. ORDER AND RECOMMENDATION

Accordingly, the Clerk of the Court is HEREBYDIRECTED to randomly assign a district judge to this action.

Further, the court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of

Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **July 29, 2026**

UNITED STATES MAGISTRATE JUDGE